DANIEL WALLIS & another *vs.* JOSIAH BARDWELL &
others.

Essex.   Nov. 8, 1878. — March 3, 1879.   ENDICOTT & LORD, JJ., absent.

A ward is not liable for repairs put upon his dwelling-house by a person employed
by the guardian to make them, even after the death of the guardian; and evidence that the repairs were necessary is immaterial.

CONTRACT on an account annexed for labor and materials furnished in the repair of a building upon real estate belonging to
the defendants.   Answer, a general denial.

At the trial in the Superior Court, before *Colburn*, J., without
a jury, it was admitted by the defendants that they were minor
children of Josiah Bardwell, who was the duly appointed guardian
of each of them; that they were the owners as tenants in common
of certain real estate, consisting of a dwelling-house and land in
Beverly; that the plaintiffs were employed by the guardian, who
has since died, to furnish, and did furnish, the labor and materials
sued for, in repairs upon the house; and that the prices were
reasonable.   The plaintiffs further offered to prove, against the
objection of the defendants, that the repairs were necessary.
The judge rejected the evidence as immaterial; ruled that, upon
the facts admitted, the defendants were not liable; and found
for the defendants.   The plaintiffs alleged exceptions.

*C. A. Benjamin*, for the plaintiffs.

*S. B. Ives, Jr.*, for the defendants.

COLT, J.   The evidence offered was properly rejected, as immaterial.   The rule is, that a guardian can make no contract
binding upon the ward, or upon his estate.   The guardian has
only the control and management of the ward's estate, with no
title to it; a power not coupled with an interest.   He may
make contracts in his own name, but they only bind himself;
and the ward does not become a party to them after the death
or discharge of the guardian.   *Thacher* v. *Dinsmore*, 5 Mass. 299.
*Hicks* v. *Chapman*, 10 Allen, 463.   *Simmons* v. *Almy*, 100 Mass.
239.

The plaintiffs bring themselves within no exception to the
rule.   The contract here relied on, moreover, is one which, inde-

pendently of the rule, would not be binding on the minors, if made by them; for repairs on a dwelling-house are not necessaries in the technical sense of the word. *Tupper* v. *Cadwell,* 12 Met. 559. *Exceptions overruled.*