ROBERT GUCKIAN & others *vs.* CHARLES RILEY.

Middlesex. Jan. 22. — April 16, 1883. FIELD & W. ALLEN, JJ., absent.

A person died seised of a parcel of land, with a house thereon in which he lived. He left a widow and two minor children, a son and a daughter. The real estate was subject to a mortgage, on which a portion of the principal was due. The personal estate was only sufficient to pay the debts, not including the mortgage. The widow's dower was not assigned to her. She continued to live on the land with her children for three years after her husband's death, when she married again. Before her second marriage, she conveyed to her intended husband, by quitclaim deed duly executed, one undivided half of said real estate, also the other undivided half, "to revert to him" when her children became of age. After the second marriage, they continued to live in the house, the children being supported by their mother and her husband until the son became seventeen years of age, when he left the premises and ceased to have his home there, and has since taken all his earnings and contributed nothing to the family. The husband afterwards erected a new dwelling-house on the land, the old house having gone to decay ; and, by his own labor and means, greatly improved the land after he moved upon it. After her first husband's death and before her second marriage, the widow paid the interest and part of the principal due on the mortgage, and the second husband paid the balance of the principal and the interest, and took and still holds the mortgage and note ; and, when the last payment was made, there was written on the mortgage, signed, sealed and acknowledged by the assignee of the mortgage, the following : " The within mortgage is hereby discharged by me ;" and this instrument was duly recorded. The taxes on the estate have always been paid by the husband and wife. The son afterwards applied by petition to the Probate Court, not making his step-father a party, for an assignment of dower to his mother and for partition of the real estate between himself and his sister, and procured decrees from that court for such assignment and partition, from which his mother and sister appealed, and the appeals are still pending. *Held*, on a bill in equity by the step-father, mother and daughter against the son, that the step-father was not entitled to an allowance for the improvements made by him upon the estate, or for the taxes paid by him ; that the mortgage should be treated as assigned to him for his benefit and that of his wife against the children, who were entitled to redeem upon payment of their proportions of the mortgage debt ; and that the children were not chargeable with interest.

COLBURN, J. It appears by the bill in equity in this case, all the allegations of which are admitted to be true by the answer, that Hugh Riley died in March 1859, seised of a tract of about eleven acres of land, with a small dwelling-house thereon, in which he lived, in Tewksbury. He left a widow, Catherine, one of the plaintiffs, a daughter Ellen, born about July 1858, one of the plaintiffs, and a son Charles, born about August 1856, the defendant. The real estate was subject to a mortgage, upon

which there was then due $600 as principal. The personal estate was only sufficient to pay the debts, not including said mortgage. The widow's dower has never been assigned to her.

The widow continued to live on the land, with her two children, until April 21, 1862, when she married Robert Guckian, one of the plaintiffs. On the same day, but before her marriage, Catherine undertook by a quitclaim deed, executed in due form, to convey to Robert one undivided half of all the real estate left by her husband, also the other undivided half, "to revert to him" when her minor children became of age.

After the marriage, all the parties continued to live on this real estate, the minors being supported by Robert and Catherine, until Charles, the defendant, became seventeen years of age, when he left the premises, and has not since had his home there, and has taken all his earnings and contributed nothing to the plaintiffs. The old house having gone to decay, Robert, at an 'expense of about $1000, of which the sum of $624 was expended before October 18, 1870, erected a larger building on the land, for a dwelling-house, and by his own labor and means has greatly improved said land since he moved upon it.

After the death of her first husband and before her second marriage, Catherine had paid the interest and $300 of the principal due on the mortgage, and Robert has paid the balance of the principal, $300, and interest, and took and still holds the note and mortgage, and, when the last payment was made, there was written on said mortgage, signed, sealed and acknowledged by the assignee of the mortgage, the following words: "The within mortgage is hereby discharged by me;" and this instrument was recorded on November 10, 1864. The taxes on the estate have always been paid by Robert and Catherine.

In February 1881, the defendant applied by petition to the Probate Court, not making Robert a party, for an assignment of dower to his mother, and for partition of the real estate between himself and Ellen, and procured decrees from that court for the assignment of dower and for partition, from which Catherine and Ellen appealed, and the appeals are still pending.

Robert and Catherine aver that they are ignorant in the transaction of business of the kind above stated, and of their just rights; and that they did not intend to make said improvements

and pay said mortgage and taxes, so that they should be losers and Charles and Ellen have the benefit, and did not intend that the mortgage should be discharged against Charles and Ellen; and pray that they may receive compensation for some portion of the buildings and improvements and taxes paid, and that the mortgage may be upheld to them against the defendant, and that said proceedings for assignment of dower and for partition may be stayed until their rights can be determined.

Upon the death of Hugh Riley, the real estate descended to his two children, subject to their mother's right of dower and to the mortgage. It is unnecessary to consider in this case, with any care, the effect of the deed from Catherine to Robert, as at most it could only have the effect to pass to him her rights of dower, with the right to have the dower assigned to her for his benefit; and the defendant is doing what he can to have his mother's dower assigned to her, pursuant to the Pub. Sts. c. 124, § 10.

When Robert Guckian married the widow, took possession of the house and land and took the minor children into his family, he stood *in loco parentis,* had a right to their services, and was liable for their support and education. *Mulhern* v. *McDavitt,* 16 Gray, 404.

We do not think Robert has any claim for improvements made by him upon the estate, either in erecting buildings or in any other manner which should be enforced in equity against the defendant. He had no reason to believe that he had any title to the land beyond the dower estate which had not been assigned. By taking the most ordinary precautions, he could readily have ascertained what his title was and what his rights were. Indeed, it is not alleged in the bill that, when he married and went to live with his wife and her children upon their estate, he entered upon the estate under the deed, or what title he supposed he acquired by the deed, or that he ever held or claimed to hold adversely to the defendant. What he did was entirely voluntary, in no way induced by the defendant. Generally, a court of equity will not relieve against the consequences of mere ignorance of law. 1 Story Eq. Jur. § 111. Bispham on Eq. § 187. Besides, the defendant was a minor when the building was erected, and, even if he had agreed to pay his share of

the cost, he could not be held for it. *Tupper* v. *Cadwell*, 12 Met. 559. *Wallis* v. *Bardwell*, 126 Mass. 366.

Upon general principles, it would be unwise to hold that a step-father could maintain, under any ordinary circumstances, a claim against the children of his wife for improvements made during their minority upon their lands, of which he was in possession under no right except his wife's unassigned right of dower and his relation of step-father.

As the plaintiff Robert had the whole occupation and improvement of the estate, he ought in equity to pay the taxes.

The estate descended from Hugh Riley, subject to a mortgage, upon which $600 of principal was then due. It was the duty of the widow and heirs to pay this mortgage in proportion to their respective interests in the estate. Robert made the final payment on the mortgage and received the mortgage and note. Though the mortgage debt was paid in different payments, we think it should be treated as if the whole sum had been paid on November 1, 1864, the date of the final payment.

The instrument written on the mortgage was not, in strict law, technically a discharge; Gen. Sts. *c.* 89, §§ 30, 31; and the mortgage should be treated in equity as assigned to Robert for his benefit and that of his wife against the heirs, with a right in the heirs to redeem upon payment of their proportions of the mortgage debt. *Gibson* v. *Crehore*, 5 Pick. 146. No interest should be charged to the heirs, as Robert and his wife have had the entire use and improvement of the estate.

The proportions in which the heirs are to contribute to the payment of the mortgage are to be ascertained by determining the value of the whole estate as unincumbered on November 1, 1864, then determining the value of the dower estate therein as of that date, according to the probable continuance of the life of the widow. Then Robert and his wife are to be charged with such proportion of $600 as the value of the dower estate is found to bear to the whole estate, and one half of the residue of the $600 is to be paid by the defendant. *Van Vronker* v. *Eastman*, 7 Met. 157. *Gibson* v. *Crehore*, 5 Pick. 146, 162.

If the parties cannot agree upon the sum to be paid by the defendant, the case is to be sent to a master to determine the sum, according to the principles we have indicated. Upon

payment of the sum agreed upon, or fixed by a master, the share of the defendant in the estate is to stand discharged from the mortgage, and he will be at liberty to prosecute his petition for assignment of dower and partition. ° *Decree accordingly.*

*D. S. Richardson & G. F. Richardson,* for the plaintiffs.

*W. H. Anderson,* for the defendant, submitted the case without argument.