MOSES BAIRD, APPELLANT, VS. H. A. STEADMAN, GUARDIAN AND TUTRIX OF FRECIE STEADMAN, BERTIE STEADMAN AND ARMIE STEADMAN, MINORS, APPELLEES.

1. A guardian can not be held liable in an action at law upon an express or implied contract made by his ward, or by some other person for such ward, even for necessaries, unless such guardian was a party to the contract, or agreed to perform it.

2. The property of a ward can not be reached by a general judgment at law against his guardian.

3. Errors without injury are no ground for reversal.

Appeal from the Circuit Court for Polk county.

### STATEMENT.

On April 25, 1891, an action of assumpsit was begun in the Circuit Court of Polk county by appellant against appellee, the declaration alleging, substantially, that the plaintiff complains of the defendant, Mrs. H. A. Steadman, widow, of said county of Polk, in her representative capacity as guardian and tutrix of her three minor children (naming them), "for that the defendant in her representative capacity as aforesaid, on February 2, 1891, in the State of Louisiana, was indebted to the plaintiff in the sum of $416.02 for money before that time paid and expended by the plaintiff for the use and benefit of the *cestuis que trust* above named of defendant, at the request of the defendant as representative of said minors, the said expenditures being for fees, certificates, assessments and dues upon a policy of insurance upon the life of W. A. Steadman, formerly the husband of the said guardian and tutrix, and father of said children, now de-

ceased, for the benefit of said minor children, which policy of insurance has by reason of said expenditures of plaintiff accrued to said *cestuis que trust*," and the sum thereof, to-wit: $2,000, has been received by the said H. A. Steadman, as guardian, *etc.*, and being so indebted, said defendant, in consideration thereof, then and there promised, as guardian, *etc.*, the plaintiff to pay him said sum of money on request; yet the defendant, guardian, *etc.*, though requested, has not paid the same, or any part thereof, to the plaintiff, but refuses so to do, to the damage of the plaintiff of $400." A bill of particulars was attached, showing various amounts, aggregating $416.02, paid by plaintiff for membership fees, certificates, assessments and dues upon a policy on the life of W. A. Steadman, issued by the American Legion of Honor.

A writ of garnishment was issued to the Polk County Bank, which filed an answer in July, 1891, admitting that it held a deposit amounting to $900.34 in favor of H. A. Steadman, as guardian, subject to her order.

On October 14, 1891, a trial of the principal suit was had, resulting in a verdict and judgment for defendant, from which, after motion for new trial overruled, plaintiff entered this appeal.

On the trial the court excluded certain interrogatories and depositions offered by plaintiff, and this, together with certain instructions given and refused by the court, and the refusal of the motion for a new trial, are here assigned as error.

Plaintiff's evidence was entirely by depositions; and only one witness, the defendant, was examined on the part of the defense. Without going into details, the evidence established the following facts: W. A. Stead-

man died June 9th, 1890; leaving a policy of insurance on his life for $2,000 in the order of American Legion of Honor, payable to defendant and the three children named in the declaration. This policy, containing a sick-benefit clause, was procured by plaintiff for deceased at his request, and immediately mailed to deceased by plaintiff. Plaintiff paid all fees, assessments, dues, etc., accruing on the policy, amounting to $416.02. The policy was paid April 1st, 1891, to defendant. Plaintiff, before the policy was issued, had married defendant's daughter by a former husband. The amounts paid by plaintiff were paid at the assured's request, and defendant knew of this fact and said plaintiff would be reimbursed his money. Plaintiff, in paying these amounts, was actuated by a kindly feeling toward the Steadman family, being connected with it, and did not wish to see them entirely destitute and thrown on plaintiff's hands in case of the death of assured, who was not making a living when the policy was taken out, and had nothing laid up for his family. The evidence ruled out was to the effect that Mr. Steadman requested plaintiff to procure the policy and pay the assessments; that he stated to the secretary of the company that he desired plaintiff reimbursed, whatever amounts he should have paid, from the proceeds of the policy at his death, and requested that the policy be made in plaintiff's favor for an amount sufficient to cover such payments. This could not be done, as the beneficiary, according to the rules of the company, must have been dependent upon the assured. Steadman then stated that he would insist that his widow at his death reimburse plaintiff the cost of the insurance. Also that Mrs. Steadman had admitted that plaintiff had paid the entire cost of the

insurance, and that if plaintiff persisted in his claim, it would be like taking bread out of the mouths of widows and orphans.

The defendant testified that she had never promised plaintiff to pay anything on account of his expenditures.

The plaintiff requested the court to charge the jury as follows: "If you believe from the evidence that the plaintiff, actuated by a desire to benefit the minor children, actually insured the life of their father for them, when the father was unable to do so, and looked solely to the maturity of the policy for his reimbursement, and that by reason of the plaintiff's expenditures in their behalf, they, the children, have received an estate which is now in the hands of the guardian, H. A. Steadman, then he can maintain his action against the guardian for money paid out and expended for them, and recover." The court refused this instruction, and gave the jury an instruction as follows: "If the deceased promised to reimburse the plaintiff the amount of his expenditures in securing the insurance, then the plaintiff must look to the estate of Steadman." The record shows that the court gave other instructions, but they are not incorporated into the record.

It was admitted on the trial that Mrs. Steadman was the guardian of the children named in the declaration, but the record does not show whether she was appointed before or after the death of her husband.

The other facts in the case are stated in the opinion of the court.

*J. W. Brady*, for Appellant.

No appearance for Appellees.

CARTER, J.:

It is not contended by appellant that the defendant, Mrs. II. A. Steadman, either individually or as guardian, ever promised, impliedly or expressly, to repay the amounts expended by him for the life insurance policy upon the life of W. A. Steadman. The declaration alleges that these amounts were expended by appellant at the request of Mrs. Steadman, as guardian (which was denied by her pleas), but no proof of this allegation was even offered upon the trial. The theory upon which appellant sought to recover is fully stated in the instruction requested by him, but refused by the Circuit Court. This theory is untenable. An action of this character can not be maintained against a guardian upon a contract, express or implied, made by the ward, or some other person for him, but only upon a contract made by the guardian himself. The property of the ward can not be reached by a general judgment against the guardian, because the ward is not a party to the judgment. If the guardian himself makes a contract, though such contract be for the benefit of his ward, it will be binding upon the guardian, personally, and he may be sued upon it; but the judgment recovered will not bind the ward or his property. If the cause of action is of that character which the law recognizes as binding upon the ward, the ward may be sued, and the judgment obtained be enforced against his property by appropriate proceedings. Spring vs. Woodworth, 4 Allen, 326; Creswell vs. Matthews, 52 Ark. 87, 12 S. W. Rep. 158; Tobin vs. Addison, 2 Strobh. (Law) 3; Robinson vs. Hersey, 60 Maine, 225; Wallis vs. Bardwell, 126

## JANUARY TERM, 1897. 45

Baird v. Steadman. Guardian and Tutrix.—Opinion of Court.

Mass. 366; Allen vs. Hoppin, 9 R. I. 258; Cole vs. Eaton, 8 Cush. 587; Morris vs. Garrison, 27 Pa. St. 226; 3 Wait's Actions & Defenses, p. 572, sec. 8. The same rule prevails as to guardians of spendthrifts and lunatics. Brown vs. Chase, 4 Mass. 436; Willard vs. Fairbanks, 8 R. I. 1; Coombs vs. Janvier, 31 N. J. Law, 240; Inhabitants of Raymond vs. Sawyer, 37 Maine, 406. In the case of Call vs. Ward, 4 Watts & Serg. 118, S. C. 39 Am. Dec. 64, it was held that an action of *indebitatus assumpsit* would not lie against a guardian for necessaries supplied to the ward without the guardian's consent, the court observing that the guardian could only be held liable for his own contracts, and that the proper remedy, where the guardian had not made the contract, was by an appropriate action against the ward. Even if the expenditures made by appellant for the benefit of defendant's wards were *necessaries* (as to which we express no opinions), the proper remedy of the appellant would be an action against the wards, and not against the guardian. Authorities first cited *supra*. However meritorious the cause of action may be against the ward, a proceeding of this character against the guardian can not be sustained. Some of the objections to such proceedings are pointed out by the court in Coombs vs. Janvier, *supra*. "It is the duty of the court to apply the ancient principles of the law to new cases. We can not innovate where the practice, in analagous cases, is established. To do so in the present case would be attended with much inconvenience. A new system of pleading and procedure would have to be devised and applied. What pleas could be put in; what the form and extent of the judgment; what the effect of such judgment, after the discontinuance of

the guardianship; all these and many other points would call upon the courts for adjustment." A guardian, unlike an administrator or executor, does not take title to the personal estate. He manages and controls it subject to the limitations imposed by law, but the title remains in the ward. In the case of an administrator, or executor, the testator or intestate being no longer *in esse*, there is no person other than the executor or administrator against whom an action may be brought; while in the case of a guardian, his ward lives and is subject to be sued for such liabilities as are legally binding upon him. Although the guardian is invested with a power over the person and property of the ward, he has no interest in such property, except such as spring from his right to possession.

Without passing upon the admissibility of the excluded evidence, we think that had it been admitted it could not have changed the result; and even if the instruction given by the court was erroneous (which we do not pass upon), the error was without injury to the appellant. Herman & Co. vs. Williams, 36 Fla. 136, 18 South. Rep. 351.

The judgment of the Circuit Court is affirmed.