George A. JACKSON, Appellant,

v.

SPORTS COMPANY OF TEXAS, INC., Bankrupt, Appellee.

No. 18073.

United States Court of Appeals
Fifth Circuit.

May 27, 1960.

A. J. Piranio, Dallas, Tex., for appellant.

Yale B. Griffis, Dallas, Tex., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal by George A. Jackson is from a judgment of the District Court affirming an order of the Referee in Bankruptcy which cancelled and set aside a conveyance to Jackson by the Sports Company of Texas, Inc. of certain real estate occupied by said company at the time of its involuntary bankruptcy. The determinative question presented is whether, by the summary procedure of the bankruptcy court, a Referee in Bankruptcy has jurisdiction to hear and determine the validity of a conveyance of corporate real estate by one of its officers to himself individually, where the deed was executed and recorded within one year of bankruptcy and the corporation continued in possession of the premises until its voluntary bankruptcy. The question is a close one, and we reverse the judgment of the District Court, feeling that such doubt as is created by the

facts of this case requires that the parties should be relegated to the traditional safeguards of a plenary suit.

This idea is well expressed in a recent case decided by the Supreme Court: [1]

"Summary trial of controversies over property and property rights is the exception in our method of administering justice. Supplementing the constitutional, statutory, and common-law requirements for the adjudication of cases or controversies, the Federal Rules of Civil Procedure, 28 U.S.C.A., provide the normal course for beginning, conducting, and determining controversies. * * * The very purpose of summary rather than plenary trials is to escape some or most of these trial procedures. Summary trials, * * may be conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*. Such summary trials, it has been said, were practically unknown to the English common law and it may be added that they have had little acceptance in this country. In the absence of express statutory authorization, courts have been extremely reluctant to allow proceedings more summary than the full court trial at common law. * * "

Such summary proceedings are, of course, authorized in bankruptcy proceedings,[2] but they are limited in their application and scope. Much has been written on the subject by the courts and their attitudes have not always been characterized by consistency. Perhaps the rule most often followed is that stated by the Supreme Court in Harrison v. Chamberlin, 1926, 271 U.S. 191, 192–194, 46 S.Ct. 467, 468, 70 L.Ed. 897, a case in which the district judge had entered a decree affirming the finding of the Ref-

1. New Hampshire Fire Insurance Co. v. Scanlon, et al., 80 S.Ct. 843, 845. The case did not arise in a bankruptcy proceeding, but the general principles enunciated are applicable in considering questions arising in such proceedings.

2. See §§ 67, sub. a(4) and 23 of the Act (11 U.S.C.A. § 107, sub. a(4) and § 46; 2 Collier on Bankruptcy, 14th Edition, § 23, pp. 433 et seq., and 4 ib. § 67, pp. 1 et seq.; and cf. Autin v. Piske, 5 Cir., 1928, 24 F.2d 626.

eree that Mrs. Chamberlin's claim to certain monies "was based on fraud and merely colorable; and that the money was an asset of the estate and subject to the summary jurisdiction of the court":

"It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. * * * However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding. * * *

"In the present case the holding of the District Court that the adverse claim was merely colorable was evidently based upon its conclusion, upon the entire evidence, that the claim was fraudulent; and was, in effect, an adjudication upon the merits. * * * It is clear, however, that an actual claim may be adverse and substantial even though in fact 'fraudulent and voidable.' * * *"[3]

We do not believe that the duty of the Referee to enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable justified the extended hearing conducted here and the entry of an order adjudicating the claim of appellant on its merits.[4]

■■ In holding, after an extended trial, that he had jurisdiction to proceed summarily and in entering the turn over order, the Referee was persuaded largely by the decision of the Supreme Court in Thompson v. Magnolia Petroleum Co. et

---

3. And see 2 Collier on Bankruptcy, 14th Ed., pp. 502–512, and 5 Moore's Federal Practice, § 38.30[3], pp. 219 et seq.

4. The trustee in bankruptcy of Sports Company of Texas, Inc. filed with the Referee an application for a show cause and turn over order against appellant Jackson covering 1.317 acres of land and the building situated thereon which was occupied by the corporation as its place of business at bankruptcy. The application contained allegations to the effect that Jackson, as president and in behalf of the corporation, had illegally conveyed the property to himself individually with intent to delay, hinder or defraud creditors, and prayed that appellant be cited to appear and show cause why an order should not be entered directing him to turn over said real estate to the trustee. Appellant filed an answer objecting to the jurisdiction of the Referee to determine the question of the validity of the transfer, and alleged that Jackson had legal title and possession of the real estate at the time of the bankruptcy.

The answer further averred that, in an effort to raise operating capital, the stockholders of the corporation had, in August, 1958, passed a resolution authorizing the president to sell the corporate assets and that a resolution by the directors followed at their October meeting granting like authority. The answer further averred that a contract of sale was executed, followed by a warranty deed conveying the property to appellant, and these written instruments were offered in evidence at the hearing. The contract of sale was signed by the vice president of the corporation on its behalf and by the appellant as purchaser and attested by appellant's wife as secretary of the corporation. The deed was executed by the appellant as president of the corporation to himself as an individual and was attested by appellant's wife as secretary. The deed was promptly placed of record.

According to appellant's pleading and evidence, the consideration inuring to the corporation was the cancellation of a $16,000 debt owed to appellant and assumption by him of corporate debts in the amount of about $18,000.

al., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. We do not consider that case applicable, because the trustee there had possession of the right of way lands under claim of fee simple ownership,[5] while in the case before us it was established that the bankrupt corporation was occupying the premises in question only as tenant, having paid four months rent in cash at $500 per month and two months of the rental period having been covered by entry on the corporation's books showing an account payable to appellant. The claim of the trustee in bankruptcy was, therefore, limited to that arising from the landlord-tenant relationship. The finding of the Referee that appellant's claim was not bona fide but was merely colorable required a full hearing on the merits and such a hearing is not, in our opinion, embraced within the concept of a preliminary inquiry under the holdings of such cases as Harrison v. Chamberlin, supra.

We think that whether the deed from the corporation to appellant was fraudulent and void under the complicated facts in the record should be determined by a plenary hearing on the merits. This holding is supported by the authorities cited and several cases decided by this Court. Chandler v. Perry, 5 Cir., 1934, 74 F.2d 371; Thomas Corporation v. Nicholas, 5 Cir., 1955, 221 F.2d 286; Maule Industries, Inc. v. Gerstel, 5 Cir., 1956, 232 F.2d 294; Nicholas v. Cohn, 5 Cir., 1958, 255 F.2d 301, and Nicholas v. Peter Pan Snack Shop, Inc., 5 Cir., 1958, 256 F.2d 349.

We express no opinion on the questions of fact decided by the Referee and approved by the court below, holding merely that they should have been submitted by plenary suit to a proper tribunal. The judgment of the District Court and the order of the Referee are accordingly re-versed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

5. The Supreme Court reversed the decision of the Court of Appeals and affirmed the decision of the District Court, except that it instructed that the question of fee simple ownership of the right of way be submitted to a plenary trial in the state courts of Illinois.