**Robert D. CARNEY, Appellant,**

v.

**Walter D. SANDERS, Trustee in Bankruptcy of the Atlanta Times, Inc., Bankrupt, Appellee.**

**No. 23688.**

United States Court of Appeals Fifth Circuit.

Aug. 8, 1967.

Walter G. Cooper, Atlanta, Ga., for appellant.

B. D. Murphy, F. T. Davis, Jr., Wayne Shortridge, Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, BELL, Circuit Judge, and BREWSTER, District Judge.

BREWSTER, District Judge:

This case presents the question of whether the referee in bankruptcy had summary jurisdicton of certain funds deposited in the registry of a state court in an interpleader action prior to the commencement of the bankruptcy proceeding. We disagree with the action of the trial court in upholding such summary jurisdiction.

The appellant was happily and securely employed as an advertising representative when he was offered the position of advertising director by the Atlanta Times, Inc.,[1] on a daily newspaper it was planning to publish in Atlanta. It took considerable urging to get him to terminate his connections with estab-lished firms for a position with a fledgling newspaper; but an offer was finally made that he agreed to accept.

The parties entered into a written contract of employment providing that appellant was to be advertising director of The Times for a period of two years at a salary of $25,000.00 per year plus fringe benefits. As part of the agreement, The Times deposited $25,000.00 in escrow in a Hapeville bank to guarantee the performance of its obligations to appellant, regardless of the success of the publication of its daily newspaper.

A little over ten months after appellant went to work for The Times, it terminated his employment without explanation, and notified the escrow agent that it was contesting the validity of such employment and of the escrow agreement. Shortly thereafter, on February 5, 1965, the escrow agent filed its petition for interpleader in the Superior Court of Fulton County, Georgia, tendering the $25,000.00 escrow fund into court. In the following month, The Times and the appellant filed their respective answers, each asserting claim to the $25,000.00 and praying, among other things, that the interpleader be allowed. In July, the Superior Court entered an order directing that the $25,-000.00 escrow fund be paid into its registry, and providing that upon such payment, the escrow agent would be discharged from further liability to the appellant or The Times. The $25,000.00 was thereupon promptly paid into court.

A hearing attended by counsel for all three parties was held on August 5, 1965, to determine the fees and expenses to be allowed the escrow agent in connection with the filing of the petition for interpleader. The Court allowed $600.00 to be paid out of the $25,000.00 on deposit, and it was so paid without objection. That left $24,400.00 in the registry of the court to await the trial on the merits.

On September 1, 1965, approximately seven months after the petition for inter-

---

1. The Atlanta Times, Inc., afterward became the bankrupt in the bankruptcy proceeding here involved. It will be hereinafter referred to as The Times.

pleader had been filed in the state court, The Times filed a petition for arrangement under Chapter XI. of the Bankruptcy Act.[2] Shortly thereafter, on the same day, the referee in bankruptcy entered an order enjoining the commencement or continuation of any proceeding outside the bankruptcy court by any person to enforce any lien upon, or claim of title to, any property in the actual or constructive possession of the bankrupt. The appellant filed a motion objecting to the assertion of summary jurisdiction over the fund on deposit in the state court in the interpleader action, and asking that it be excepted from the referee's order. The referee denied the motion and directed the trustee in bankruptcy to obtain a turnover of the funds under the summary jurisdiction powers of the bankruptcy court.

The generally recognized rule determining the type of property which falls within the summary jurisdiction of the bankruptcy court is set out in Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940): "Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." See also: Robinson v. Mann, 5 Cir., 339 F.2d 547, 549 (1964).

The trustee contends that the funds deposited in the Superior Court of Fulton County, Georgia were in the constructive possession of the bankrupt at the time the petition for an arrangement under Chapter XI. was filed, and that it

necessarily follows that the funds were subject to the summary jurisdiction of the referee. He bases his contention of constructive possession on three grounds: (1) The escrow agent and the Clerk of the Superior Court of Fulton County, Georgia, hold the funds as mere stakeholders and assert no adverse claim to the funds. (2) The bankrupt, at the time of the filing of the Chapter XI. petition, retained a sufficient interest in the funds to constitute constructive possession. (3) The funds were deposited with the escrow agent as a security, and were therefore subject to the summary jurisdiction of the referee. We have concluded that there is no merit in these contentions for the reasons that follow.

■ The federal courts have consistently applied to conflicts between bankruptcy and other courts the long established rule that where a court of competent jurisdiction has acquired possession of a res by appropriate proceedings, such property is thereby withdrawn from the jurisdiction of all other courts.[3] Eyster v. Gaff, 91 U.S. 521, 524, 23 L.Ed. 403 (1875);[4] Farmers' Loan and Trust Co. v. Lake Street Elevated R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667 (1900); Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L. Ed. 871 (1923); Bryan v. Speakman, 5 Cir., 53 F.2d 463, 465 (1931); In re Casco Chemical Co., 5 Cir., 335 F.2d 645 (1964). Such a rule prevents unseemly conflicts between the courts. Bryan v. Speakman, supra. It also gives third party claimant the opportunity to have the merits of his claim adjudicated in a plenary action in the court having prior jurisdiction of the res instead of in the summary fashion necessary in a bank-

2. The Chapter XI. proceeding was not successful, and The Times was adjudicated a bankrupt on January 17, 1966.

3. There are certain limited exceptions to this rule. One is where the bankruptcy court acquires summary jurisdiction by consent of the parties affected; and another is where the third party's claim to the property is only colorable rather than substantial. Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97

(1944); Jackson v. Sports Company of Texas, Inc., 5 Cir., 278 F.2d 716 (1960).

4. The following is quoted from the Eyster case, at p. 524 of 91 U.S.: "It is a mistake to suppose that the Bankrupt Law avoids of its own force all judicial proceedings in the State or other courts the instant one of the parties is adjudged a bankrupt. There is nothing in the act which sanctions such a proposition."

ruptcy court. Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97 (1944); Jackson v. Sports Co. of Texas, Inc., 5 Cir., 278 F.2d 716 (1960). The referee should have ordered the trustee to litigate his claim against the money in question in the Superior Court of Fulton County, rather than to obtain turnover of the money by assertion of summary jurisdiction.

The judgment is reversed and the case is remanded with instructions to enter a judgment consistent with the views expressed in this opinion.

Reversed.