Ernest H. MASHBURN, Sr., Trustee, Appellant,

v.

Wallace WILLIAMS, Individually, and as Executor of the Estate of T. L. Williams, Deceased, et al., Appellees.

No. 24257.

United States Court of Appeals
Fifth Circuit.

Oct. 18, 1967.

Walter E. Baker, Jr., Hawkinsville, Ga., for appellant.

A. Newell NeSmith, Cochran, Ga., T. Reese Watkins, Macon, Ga., for appellees, Harris, Russell & Watkins, Macon, Ga., of counsel.

Before TUTTLE, GEWIN and AINS-WORTH, Circuit Judges.

PER CURIAM:

This appeal by the Trustee in Bankruptcy of the Williams Packing Company, a corporation (appellant), is from a judgment of the United States District Court for the Middle District of Georgia affirming the finding of the Referee in Bankruptcy that he was without summary jurisdiction to grant the relief sought. The appellant had first brought a petition seeking to reach certain real property claimed by Wallace Williams, Executor of the estate of his father, Troup L. Williams. A second petition sought to require the individual members of the Williams family to file their own schedules in bankruptcy. Appellant bases his argument for summary jurisdiction on the contention that the corporation was a sham—merely a form ignored by the family—and the court should make no more distinction between them than did the family itself.[1]

The determinative question presented is whether by a summary procedure the Referee in Bankruptcy can compel the individual members of the Williams family (appellees) to file schedules in bankruptcy. We find he cannot. The appellees assert absolute title to the property sought. There is no indication that the bankrupt corporation was ever in actual possession of the property. The appellees are in possession and acquired that possession before the beginning of this proceeding in bankruptcy. The record discloses that none of the appellees participated actively in the management or operation of the corporation. The corporate affairs were managed almost entirely by the decedent, Troup L. Williams. The order of the Referee in Bankruptcy, made after a full and careful hearing, finding the appellees' claims to be more than merely colorable but substantial, and the decision of the district court which sustained that finding are amply supported by the record and should not be disturbed.[2]

There was no consent to summary jurisdiction by the appellees. The corporation was never in possession of the property sought. The only basis for subjecting the individual assets to the debts of the corporation is on the basis of fraud. This is not a proper issue to

---

1. The following is from appellant's specification of error:

"The lower court erred in not taking summary jurisdiction of the matters raised by the two petitions brought by the Trustee which sought to strike down the corporation, pierce the corporate veil and make the individual members of the Williams family parties to the cause requiring them to file their individual schedules in bankruptcy."

2. The following finding by the Referee is amply supported by substantial evidence:

"This record does not demonstrate the absence of an arguable factual basis for the claims of these individuals. Certainly these claims have a plausible foundation in the law. It must be concluded that the claims of these individuals are bona fide."

be decided in a summary manner under the facts disclosed by the record. We cannot accept such an abrogation of an individual's rights to a plenary proceeding. Suhl v. Bumb, 348 F.2d 869 (9 Cir. 1965); Jackson v. Sports Company of Texas, Inc., 278 F.2d 716 (5 Cir. 1960); Fox Jewelry Company v. Lee, 264 F.2d 720 (5 Cir. 1959); Nicholas v. Peter Pan Snack Shop, Inc., 256 F.2d 349 (5 Cir. 1958); Nicholas v. Cohn, 255 F.2d 301 (5 Cir. 1958).

Affirmed.