In the Matter of **REHKOPF MATTRESS SALES, INC. and Rehkopf Mattress Company, Inc., Bankrupt.**

**Billy Joe REHKOFF, Appellant,**

v.

**William V. BROWN, Jr., Trustee, Appellee.**

**No. 73–1134**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 1, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

68

Donald Friedman, Jack Carter, Texarkana, Tex., for Rehkopf Mattress Sales, Inc.

B. A. Britt, Jr., Texarkana, Tex., for appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

Billy Joe Rehkopf (Rehkopf) appeals from a judgment of the district court affirming a bankruptcy court order which restrains him from interfering with the bankruptcy trustee's possession of a certain store located in Texarkana, Texas. The sole issue to be resolved on appeal is whether the store falls within the summary jurisdiction of the bankruptcy court. The bankruptcy court concluded that the property in question was in possession of the bankrupt at the time of the initial petition and adjudication in bankruptcy and therefore came within its summary jurisdiction. It issued an order protecting its jurisdiction which,

upon petition for review by Rehkopf, was upheld by the district court. We agree with the district court that summary jurisdiction was appropriate and accordingly affirm its judgment.

On June 5, 1972 Rehkopf Mattress Company, Inc. (RMC), along with Rehkopf Mattress Sales, Inc. (RMS), voluntarily filed a petition in bankruptcy in the United States District Court for the Eastern District of Texas. RMC was engaged in the manufacture of furniture and mattresses. When the manufacturing process was complete the finished products were sold to RMS which in turn sold them to retailers. RMS' sole function was to sell RMC products. RMC conducted its business at two locations, Store No. 1 in downtown Texarkana and Store No. 2 in the industrial sector of Texarkana. It had been insolvent for some four or five years prior to the filing of the petition in bankruptcy. The referee found that Rehkopf was well aware of the company's insolvency.

Both RMC and RMS were wholly owned by Nell Rehkopf. She also served as president of the two companies until she was declared incompetent in April of 1972; her appointed guardian then took her place. The transaction which gave rise to the present dispute occurred in November of 1971, approximately seven months before the petition in bankruptcy was filed. At that time Nell Rehkopf purportedly sold Store No. 1 to Billy Joe Rehkopf. A warranty deed reciting a consideration of $2,000 was executed purporting to convey to him title to the store's real property, i. e. the land and building, and a bill of sale reciting a consideration of $1,000 was also executed purporting to vest in him title to the store's personalty. Both the deed and the bill of sale were duly recorded. Although the consideration for the sale of the store and personalty was supposedly $3,000, Billy Joe Rehkopf was unable to furnish any proof that this amount was actually paid although he was given full opportunity to do so.

After the sale RMC continued to operate Store No. 1 as before. There was no change in the management, and RMC's books continued to reflect that it owned the store. Rehkopf made no effort to exercise any control over the property. He was paid no rent by RMC for its use of the store, and he did not ask for any rent until after RMC's petition in bankruptcy was filed.

Immediately after the voluntary petition in bankruptcy was filed, William V. Brown, Jr. was appointed receiver and thereafter trustee in bankruptcy, and he took possession of all the bankrupt companies' assets. But on June 14, 1972 a suit against Brown in his capacity as receiver was instituted by Rehkopf in the 102nd Judicial District Court of Bowie County, Texas. Upon Rehkopf's assertion that he was the rightful owner of Store No. 1, the state court issued a temporary injunction restraining Brown as receiver from interfering with Rehkopf's possession and use of the property. Brown immediately petitioned the bankruptcy court to stay enforcement of the state court's order. After a hearing [1] the bankruptcy court determined that the store was in the possession of the bankrupt at the time of the petition in bankruptcy and therefore came within its summary jurisdiction. Rehkopf was ordered not to interfere with the trustee's possession of the store and not to execute the state court order. The district court subsequently affirmed the bankruptcy court's order, and Rehkopf appealed.

The question we must decide is whether Store No. 1 became subject to the bankruptcy court's summary jurisdiction when RMC filed its voluntary

---

1. On appeal Rehkopf also protests the bankruptcy court's refusal to have the testimony at this hearing transcribed. The testimony was recorded on tape. The bankruptcy court did summarize the testimony at the hearing, and Rehkopf makes no showing that the absence of a transcript has prejudiced him. We find the bankruptcy court's summary of the evidence presented at the hearing entirely adequate. There is no merit in Rehkopf's protest.

petition in bankruptcy in June and was adjudicated a bankrupt and a receiver appointed. It is undisputed that if the store passed into the bankruptcy court's summary jurisdiction, then it was proper for that court to order Rehkopf not to interfere with its possession of the store and to stay enforcement of the state court order. The summary jurisdiction of a bankruptcy court is exclusive; once a bankruptcy court has acquired summary jurisdiction over property, that property is withdrawn from the jurisdiction of all other courts.[2] Any subsequent action commenced as to that property is in effect an interference with the orderly procedure of the bankruptcy proceeding and is therefore enjoinable.[3] This rule is but an application of the general rule that when a court of competent jurisdiction takes possession of property through its officers, that property is withdrawn from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession.

■ An exercise of summary jurisdiction is appropriate, however, only if the property in question was in the possession of the bankrupt on the date the petition was filed. It is settled that upon the filing of a petition in bankruptcy, all of the property in the alleged bankrupt's actual or constructive possession passes at once into the custody of the bankruptcy court and becomes subject to its summary jurisdiction.[4] On the other hand, if the property is within the actual or constructive possession of a third party who asserts a bona fide claim to the property, the bankruptcy court cannot summarily determine the merits of that claim without the consent of the third party.[5] The test of summary jurisdiction then is possession, either actual or constructive, by the bankrupt on the date the petition is filed. This test was stated by the Supreme Court in the leading case of Thompson v. Magnolia Petroleum Company as follows: "Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy."[6]

The issue in the instant case is in some respects similar to that presented in Jackson v. Sports Company of Texas, Inc.[7] In that controversy prior to filing a petition in bankruptcy, the bankrupt corporation had conveyed title to the store it occupied to one of its officers. Although the corporation continued in possession of the premises until the date of its voluntary bankruptcy, it did so only as a tenant. It paid rent to the transferee from the date of the conveyance. This court held that the store in question did not pass into the summary jurisdiction of the bankruptcy court and that a plenary proceeding was necessary in order to determine rightful title to it.

■ But in the present case Rehkopf, the alleged titleholder, was never paid any rent by the bankrupt, and he asserted no claim to rent until after the petition in bankruptcy was filed. Furthermore RMC continued in possession of the premises just as before. No changes were made in the bankrupt's books to reflect a transfer of ownership, nor was the store operated in any different fashion. In short, in spite of the alleged pur-

---

2. Issacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645 (1931). *Accord* Carney v. Sanders, 381 F.2d 300, 302 (5th Cir. 1967).

3. Issacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931). *See generally* 1 Collier on Bankruptcy § 2.62, 329 (14th ed. 1971).

4. 11 U.S.C. § 110(a)(5). *See, e. g.,* In re American Southern Publishing Co., 426 F.2d 160, 163 (5th Cir. 1970). *See gen-*

*erally,* 2 Collier on Bankruptcy §§ 23.03 et seq. (14th ed. 1971).

5. Harrison v. Chamberlain, 271 U.S. 191, 193, 46 S.Ct. 467, 70 L.Ed. 897 (1926). *Accord,* In re American Southern Publishing Co., 426 F.2d 160, 163 (5th Cir. 1970) and Suhl v. Bumb, 348 F.2d 869, 870 (9th Cir. 1965).

6. 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940).

7. 278 F.2d 716 (5th Cir. 1960).

chase of the store Rehkopf never exercised any control over it. If he had a right to possession of the store, it was never manifested by any action on his or the bankrupt's part. In these circumstances we conclude that RMC remained in actual possession of Store No. 1 until it filed its voluntary petition in bankruptcy. On that date the store passed into the summary jurisdiction of the bankruptcy court which properly enjoined Rehkopf from interfering with the trustee's possession of the property. The judgment of the district court upholding that order is affirmed.

Affirmed.