## OWL FUMIGATING CORPORATION v. CALIFORNIA CYANIDE CO., Inc.

Circuit Court of Appeals, Third Circuit. February 18, 1929.

No. 3918.

. Charles F. Curley, of Wilmington, Del. (Richard B. Cavanagh, Harry C. Bierman, and Livingston Gifford, all of New York City, of counsel), for appellant.

John F. Neary and Dean S. Edmonds, both of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The defendants, corporations bearing the same name but organized under the laws of different states, are charged by the bill with infringement of certain of the plaintiff's letters patent. Direct infringement is charged against the California company, an operating subsidiary of the Delaware company, and contributory infringement is charged against the Delaware company, the holding corporation, in that it authorized, directed and controlled the acts of the former company. To sustain these averments the plaintiff alleged and proved facts from which it asked the court to find identity of corporations involving liability of one, upon the ground of agency or alter ego, for infringing acts of the other. The law which it invoked and applied to the facts is familiar and not open to dispute. It consists of rules which from the nature of the questions to which they apply are in the abstract, and are mainly negative in character. For instance, these rules declare that similarity or identity of corporate names does not alone disturb or bring together distinct corporate entities; that ownership of capital stock of one corporation by another does not alone create identity of interests or the relation of principal and agent between the two; that identity of officers does not alone establish identity of corporations and make one liable for the torts of the other; that the mere loan of money even in large amounts by one corpo-

ration to another does not alone make the borrower the agent of the lender or make the lender liable for the acts of the borrower; that participation by the lender in the management of the borrower's business for the purpose of protecting its debt does not make the lender liable for the borrower's debts. When, as against the general rule that two separately incorporated companies are separate and distinct entities, it is charged that one is a mere agency or department of the other and is used as an instrumentality to perpetrate fraud, justify wrong, avoid litigation or render it more difficult, or generally to escape liability for what are in substance its own acts, courts will put aside the screen and, looking upon the situation through the group of negative rules, determine affirmatively the truth and place responsibility where it actually belongs. In such a process, essentially mental, there is not infrequently ample space for divergent judgments. This is shown by the opposite yet very earnest and entirely honest views which the opposing parties in this case have taken of the facts in the light of the same law. With the law constantly in mind we have, because of the practical consideration involved in the plaintiff's attempt to recover from the Delaware corporation for alleged infringement, given to the record full and careful study. As no one other than the litigants are interested in the testimony we shall not recite or discuss it but express our judgment that it does not establish identity of the two corporations or identity of acts and mutual responsibility. The evidence does not show that the Delaware company created the California Company for the purpose of infringing the plaintiff's patents or that, since its creation, there has been concerted action between the California company, charged with having directly done the injury, and the Delaware company which is charged with committing the acts of infringement by authorizing, directing and controlling the acts and business of the California company, such concerted action between the two companies being necessary to establish joint acts of infringement and joint and several liability. Thomson-Houston Electric Co. v. Ohio Brass Co. (C. C. A.) 80 F. 712. For a more particular statement of the reasons that have moved us to this judgment we refer and subscribe to the reasoning of the learned trial judge in his opinion ([D. C.] 24 F.(2d) 718) and particularly to his statement of the law with the supporting authorities.

The decree dismissing the bill is affirmed.