## UNIVERSAL OIL PRODUCTS CO. v. DERBY OIL & REFINING CORPORATION.

Nos. 4969, 4975.

District Court, D. New Jersey.

July 9, 1937.

Wall, ·Haight, Carey & Hartpence, Thomas G. Haight, Edward J. O'Mara, and George G. Tennant, Jr., all of Jersey City, N. J., and Morgan S. Kaufman, of Scranton, Pa., for plaintiff.

McCarter & English and Arthur F. Egner, all of Newark, N. J., and Charles G. Yankey, and Verne M. Laing, both of Wichita, Kan., for defendant.

FAKE, District Judge.

This suit is based upon the theory that the defendant, a New Jersey corporation, is liable in certain damages claimed by the plaintiff because the defendant is an agent or alter ego of a Kansas corporation (the Derby Oil Company), and, as such, chargeable with the acts complained of.

It appears from the pleadings and the evidence before me that the Kansas corporation has been engaged for some years in the development of oil fields largely in the state of Kansas, and also engages in the refining, processing, and selling of crude oil and petroleum by-products. Its annual business runs into several millions of dollars as to all of which it keeps books and makes reports as from time to time required.

Some time after the incorporation of the Kansas corporation, the New Jersey corporation was incorporated for the purpose of buying and holding the capital stock of the Kansas company, and the only asset of the New Jersey corporation, aside from a note of the Kansas corporation, consists of the ownership of 99 9/10 per cent. of the capital stock of the Kansas company. By virtue of this stock holding, the New Jersey corporation has at all times been in a position to control the election of the directors and officers of the Kansas corporation and has exercised that power. This has resulted in a substantial interlocking of the directorates of the two corporations, and certain officers of the one have been and now are officers in the other, and counsel, auditors, and bookkeepers have acted for both companies. The New Jersey corporation keeps no books and has no business other than such as related directly to its aforesaid note and stock holding. Its franchise taxes and other expenses are all paid by advances from the Kansas corporation.

The two corporations have signs displayed and transact their affairs at the same offices in Wichita, Kan., but the New Jersey corporation is not authorized to do business in Kansas.

In the year 1923, the plaintiff entered into a contract with the Kansas corporation by virtue of which the Kansas corporation was authorized to crack oil under patents held by the plaintiff, in consideration of certain royalty payments. A dispute has arisen between the parties to this agreement relating to its terms and conditions, but we are not now concerned with that particular phase of the case. It has been stipulated here that the court shall first dispose of the agency or alter ego issue above mentioned.

All that has been heretofore outlined amounts to nothing more than that the defendant New Jersey corporation is the controlling stockholder of the Kansas corporation and has exercised the prerogatives incident thereto. This, standing alone, is not sufficient to hold the New Jersey corporation liable as an agent or alter ego of the Kansas company. To create such a liability something more must appear. Owl Fumigating Corp. v. California Cyanide Co. (D.C.) 24 F.(2d) 718, affirmed (C.C.A.) 30 F.(2d) 812.

As bearing upon the additional factors required, it appears that in the offices of the two companies there was kept for use certain letterheads, one of which was headed:

"The Derby Oil and Refining Corporation
Producers, Refiners, Marketers
Petroleum and its Products
Wichita, Kansas."

Strictly considered, this should be the stationery of the New Jersey corporation.

The other stationery was headed:

"The Derby Oil Company
Producers, Refiners, Marketers
Petroleum and its Products
Wichita, Kansas."

The latter should be the stationery of the Kansas corporation. There were some variations in these letterheads over the years, but always "The Derby Oil and Refining Corporation" appeared as distinguished from "The Derby Oil Company."

At this point it is well to consider the reason for what at first appears to have been an indiscriminate use of the two sets of stationery whereby the business correspondence of the two corporations was upon

the face of things commingled. In the year 1926, the directors of the Derby Oil & Refining Corporation, the New Jersey corporation, concluded to bring about the dissolution of the Derby Oil Company, the Kansas corporation, and being the owner of sufficient of the Kansas company's stock, it was functioning wholly within its rights as a stockholder in so doing. By reason, however, of the status of certain ·leaseholds held by the Kansas corporation and pending litigation and other ·factors not necessary to enumerate, the dissolution was never consummated. Pending the working out of the dissolution problems, it was thought wise to use the stationery of the New Jersey corporation for the purpose of acquainting customers and others with the name of the New Jersey corporation which would eventually take over all the business of the Kansas company upon its dissolution. This, coupled with innocent carelessness with no attempt to mislead any one, accounts for the confusion of letterheads and corporate names. I cannot find that any one was misled thereby, certainly the plaintiff was not, since it knew the parties to the agreement and nothing in the mere letterheads or erroneous titles and signatures could affect the relations of the parties in the absence of fraud or estoppel, and neither of these can be spelled out on the facts presented. When the confusion of names was brought to the attention of the Kansas corporation, it wrote as follows:

"Your registered letter dated the first inst. addressed to The Derby Oil and Refining Company and to us has been received, and in reply we wish to say your purpose in addressing this letter to The Derby Oil and Refining Company is unknown to us for the matters referred to in your letter are entirely our own affairs, and with respect to which The Derby Oil and Refining Company has no responsibility and so far as we know has had no relationship with you and is not your licensee."

Thereafter, all of the letters, some eighteen in number, were on the letterhead of the Kansas corporation and signed by its proper officers.

During the period when the letterheads and signatures were thus intermingled, all payments of royalties and other accounts arising under the contract between the plaintiff and the Kansas corporation were made by the Kansas corporation and not by the New Jersey corporation and requests for monthly reports were made by the plaintiff directed to the Kansas corporation.

It should be noted that the facts in the instant case differ in many essentials from the facts which appear in Westinghouse Electric & Mfg. Co. v. Allis-Chalmers Co. (C.C.A.) 176 F. 362, since here it is found that the defendant engaged in no business other than as hereinbefore stated, while in the case just cited, it was found that the defendant was actually engaged as a department in the active business of the Bullock Company and had taken over all that was valuable in the business of the Bullock Company.

My conclusion is that the defendant New Jersey corporation has not actually misled the plaintiff or any one else into believing that it was usurping or taking over the business functions of the Kansas company. Nor has it been shown by the correspondence and other evidence that it intended to convey any such impression, and as we have seen, the defendant has been engaged in no business other than such as was limited to its position and activities as a controlling stockholder and creditor of the Kansas company. It follows that the New Jersey corporation is neither an agent, instrumentally, or alter ego for the Kansas corporation.

An order will be entered dismissing the bill of complaint.