MAULE INDUSTRIES, Inc.,
Appellant,

v.

L. M. GERSTEL, Trustee of Ludwig Corporation, Bankrupt, and Ludwig Bros., Inc., Appellee.

No. 15649.

United States Court of Appeals
Fifth Circuit.

April 19, 1956.

Francis W. Sams, Paul & Sams, Miami, Fla., for appellant.

Robert M. Riddle, Alexander. S. Gordon, Miami Beach, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

This appeal by Maule Industries, Inc. is from a judgment of the District Court reversing an order of a referee in bankruptcy which required Ludwig Bros., Inc. and its receiver, acting under order of a state court of Florida, to turn over to the Trustee in Bankruptcy of Ludwig Corporation, bankrupt, the property of Ludwig Bros., Inc. in the possession of said state court receiver. The District Court's reversal was based upon failure of the referee to give notice of the hearing of the turnover petition to the creditors of Ludwig Bros., Inc. We have concluded that the judgment of the District Court was right, but prefer to rest our affirmance on other grounds.

Ludwig Corporation was adjudged a bankrupt in October, 1954, and L. M. Gerstel was thereafter appointed trustee. January 26, 1955, appellant, one of the creditors of the bankrupt, filed a petition with the referee praying the consolidation of Ludwig Bros.; Inc. into the bankruptcy proceeding and that its property be turned over to the trustee to be dealt with as that of the Ludwig Corporation. This petition alleged that Ludwig Corporation controlled and directed Ludwig Bros., Inc. as a corporate instrumentality; that the two corpora-

tions had substantially the same officers, directors and stockholders, and that the affairs of Ludwig Bros., Inc. had been directed and dictated by them so as to make it an instrumentality, of the bankrupt; and, in general, that the affairs, funds and activities of the two corporations had been so intermingled as to render them indistinguishable. The petition further showed that, on December 23, 1954 the Circuit Court of the Eleventh Judicial District, Dade County, Florida, had, in a proceeding involving the same property, ordered E. H. Spach, as receiver, to take possession of and administer the property of Ludwig Bros., Inc.

On January 27, 1955, the referee entered an ex parte order on said petition requiring Ludwig Bros., Inc. and the receiver to show cause why the consolidation and turnover sought by Maule should not be effected. The marshal's return showed service of the order and of the petition upon the receiver and upon Robert M. Ludwig, President of Ludwig Bros., Inc., on January 31st, three days before its return day, February 3rd. On February 9th the referee entered an order consolidating the assets of the two corporations and requiring Ludwig Bros., Inc. and the receiver to deliver to Gerstel, trustee, all of the assets of Ludwig Bros., Inc., such order to be performed within ten days. They were called upon further to furnish, within said time, a list of the creditors of Ludwig Bros.

This order of February 9th shows that Richard J. Ludwig, Vice-President of Ludwig Bros., Inc., was present representing said corporation, and that he interposed no opposition to the consolidation and turnover. The order does not disclose whether the receiver was present at the time or was represented, and there is no showing of the right of the referee to conduct the hearing on February 9th, when the order to show cause was returnable February 3rd. It is apparent that the referee made the findings contained in the order of February 9th entirely from the averments of the petition of Maule and that the order was, in effect, entered by default and certainly without hearing any evidence.

February 17th, Ludwig Bros., Inc. petitioned the District Court for a review of the referee's order, setting up a general denial of the averments of the Maule petition, that no evidence was heard by the referee, that a copy of the petition had not been served upon the officer attending the meeting; and that the two corporations were organized at different times by different people and conducted different types of contracting business and were in fact two separate legal entities.

The certificate of the referee shows that the receiver was present on February 3rd, along with Richard J. Ludwig, an officer of Ludwig Bros., Inc., and that neither showed any cause why the order should not be entered, and that the order had been entered "seemingly by consent and certainly with no objection". The certificate further recites that the referee assumed that the facts set forth in the petition of Maule Industries, Inc. were true and correct.

The District Court entered a judgment upon the Petition for Review reversing the referee's order, basing the reversal on the failure of the referee to give notice to the creditors of Ludwig Bros., Inc., and making certain suggestions as to further proceedings against Ludwig Bros., Inc.[1] No creditor appeared at either hearing or entered any objection either before the referee or the Court below to the entry of the turnover order, and, in the absence of notice to creditors, their rights could not be affected. Sampsell v. Imperial Paper & Color Corp., 1941, 313 U.S. 215, 219, 61 S.Ct. 904, 85 L.Ed. 1293. We hold, therefore, that the reason assigned by the Court below in reversing the referee's order was not based upon any issue present in the proceedings and, therefore, was not a valid one.

1. In the turnover order, the referee required disclosure of the identity of the creditors of Ludwig Bros., Inc. with the evident purpose of taking some steps to bring them into the bankruptcy proceedings.

■■ It is clear, however, that the judgment of the District Court reversing the referee's order was justified on other grounds. The allegations of the petition of the creditor, Maule Industries, Inc., are not sufficient to support the turnover order entered by the referee. The rather meager showing in the record indicates that Ludwig Bros., Inc. is an entirely separate corporation from the bankrupt Ludwig Corporation, and prima facie, is a legitimately separate legal entity. Courts are reluctant to pierce the corporate veil and destroy the important fiction under which so much of the business of the country is conducted, and will do so only under such compelling circumstances as require such action to avoid protecting fraud, or defeating public or private rights. New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Moline Properties, Inc., v. Commissioner, 1943, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499; and 18 C.J.S., Corporations, § 6, p. 378.

■■ The burden in this case is upon Maule to establish by pleadings and proof that Ludwig Bros., Inc. is "an artifice and a sham designed to execute illegitimate purposes in abuse of the corporate fiction and the immunity that it carries." Coryell v. Phipps, 5 Cir., 1942, 128 F.2d 702, 704. Mere identity of corporate names, stockholders and officers of the fact of ownership of capital stock in one corporation by another are not sufficient to justify disregarding the corporate fiction. Nichols & Co. v. Secretary of Agriculture, 1 Cir., 1942, 131 F.2d 651; Owl Fumigating Corp. v. California Cyanide Co., 3 Cir., 1929, 30 F. 2d 812.

■ The factors commonly considered as requisite to establish that one corporation is an instrumentality of another for purpose of a turnover of its assets to the trustee in bankruptcy are well expressed in Fish v. East, 10 Cir., 1940, 114 F.2d 177, 191.[2] Moreover, the petition and the proof must show that the corporation whose property is sought to be brought into the bankruptcy proceeding was organized or used to hinder, delay or defraud the creditors of the bankrupt, and constitutes mere "legal paraphernalia" observing form only and not existing in substance or reality as a separate entity. Cf. Sampsell v. Imperial Paper & Color Corp., supra.

■ Finally, the petition relied upon to invest the bankruptcy court with summary jurisdiction must show that the property sought to be reached is in the actual or constructive possession of that court. The rule is thus expressed in Cline v. Kaplan, 323 U.S. 97, 98–99, 65 S.Ct. 155, 156, 89 L.Ed. 97: "A bankruptcy court has the power to adjudicate summarily rights and claims to property which is in the actual or constructive possession of the court. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876. If the property is not in the court's possession and a third person asserts a bona fide claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated 'in suits of the ordinary character, with

2. "(1) The parent corporation owns all or majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation, and in the statements of its officers, 'the subsidiary' is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed."

the rights and remedies incident thereto.' Galbraith v. Vallely, 256 U.S. 46, 50, 41 S.Ct. 415, 416, 65 L.Ed. 823; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. But the mere assertion of an adverse claim does not oust a court of bankruptcy of its jurisdiction. Harrison v. Chamberlin, 271 U.S. 191, 194, 46 S.Ct. 467, 468, 70 L.Ed. 897. It has both the power and the duty to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the claim is ingenuous and substantial. Louisville Trust Co. v. Comingor, 184 U.S. 18, 25, 26, 22 S.Ct. 293, 296, 46 L.Ed. 413. Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court. MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093." [3]

The referee was, therefore, faced with the duty at the threshold of the proceeding of determining whether Maule's petition set forth a case of actual or constructive possession by the bankruptcy court of the corporate assets of Ludwig Bros., Inc. If the referee should determine this question in the affirmative, he would be under duty to hear evidence and make a ruling based upon it in determining whether the bankruptcy court had jurisdiction to proceed summarily. That question, as it appeared before the referee, was complicated by the fact that the petition advised him that the property he sought to bring into

the possession of his trustee was already in the actual custody of a state court, which had taken possession of it through its receiver. Certainly the informal proceedings revealed by this record did not justify any action which would tend to oust the Court of another sovereignty of possession already acquired.[4]

For the reasons herein stated, the judgment of the District Court reversing the order of the referee is affirmed and the cause is remanded for further proceedings in conformity with this opinion.

Affirmed and remanded.

---

3. And see generally 2 Collier on Bankruptcy, Par. 23.04(2) p. 450 and authorities cited.

4. The character of the state court suit is not revealed in the record but the referee, acting under rules of comity as well established principles of law, will, upon a further hearing, certainly take the steps necessary to "avoid unseemly conflicts between courts". Byrd-Frost, Inc., v. Elder, 5 Cir., 1937, 93 F.2d 30,

33, 115 A.L.R. 342; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; Farmers' Loan & Trust Co. v. Lake, etc., Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667; Palmer v. State of Texas, 212 U.S. 118, 125, 29 S.Ct. 230, 53 L.Ed. 435; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 88–89, 43 S.Ct. 480, 67 L.Ed. 871; and Pufahl v. Parks' Estate, 299 U.S. 217, 226, 57 S.Ct. 151, 81 L.Ed. 133.