FOX JEWELRY COMPANY, Appellant,

v.

John C. LEE, Trustee in Bankruptcy of
Fox Jewelers, Inc., Bankrupt,
Appellee.

No. 17480.

United States Court of Appeals
Fifth Circuit.

March 12, 1959.

Edwin W. Ross, Harold Karp, and Carpenter, Karp & Mathews, Atlanta, Ga., for appellants, Fox Jewelry Company and Robert Feldser.

J. Kurt Holland and Haas, Holland & Zinkow, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a turnover order issued in Fox Jewelers, Inc., Bankrupt, against Fox Jewelry Company, a corporation not only in name but in every other aspect which underlies and attends corporate existence. The purpose and scope of the order was, treating the respondent as the alter ego of Fox Jewelers, Inc. to seize and administer its assets and affairs as though its possession was the possession of the bankrupt.

The trustee, standing firmly on the finding of the referee, insists that the possession of the assets by the respondent for itself and in its own right was merely colorable, that is pretextual and feigned, and was really in right of the bankrupt.

Arguing that the fact that Feldser was the president and stockholder in both companies; that, as such, he did all the purchasing of the stocks of merchandise and generally handled the business for both companies; that, in short, he had one man control of both; and that this is a case in which there is no difficulty in piercing the corporate veil; he urges upon us that, though the two corporations conducted their business in separate towns, had separate bookkeeping, paid separate income and social security taxes, and in every respect except that they were closely affiliated one man corporations, were separate, the ref-

eree's holding, that the respondent was in effect the bankrupt and his assets were subject to be seized in a summary proceeding, was correct. We do not think so.

Without discussing the facts in detail other than as above set out, we think that there is no basis whatever in the record for the exercise of summary jurisdiction. This is not to say that there may not be ample basis for a finding in a plenary proceeding that the bankrupt has been imposed upon by the respondent, and that the respondent is accountable to the bankrupt for such imposition. It is to say, though, that the matters on which the trustee relies, control of the two corporations by the one man stockholder and president of each, the fact that they act together, and especially the fact that the purchasing of their stocks of goods are all done by the same man, is not determinative of the question whether the corporations are in fact, as in every legal aspect they appear to be, two corporations or simply one, and the possession of the respondent was the possession of the bankrupt. If the contention of the trustee in this case is correct, then in any case merely of closely affiliated corporations, with one stockholder and one management, this claim of summary judgment could be maintained. The law is otherwise settled. Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293. In Maule Industries v. Gerstel, 5 Cir., 232 F.2d 294, this court discussed the philosophy and theory of summary jurisdiction and the reasons which underlie and support it, as well as the reasons which deny such asserted jurisdiction when those against whom it is asserted will be deprived thereby of their constitutional rights to a plenary trial with the sanctions and protections such trial affords.

The argument, which seems to be the main reliance of referee and trustee, that it is more desirable that the bankruptcy court have the summary jurisdiction contended for because it can therewith administer matters more expeditiously and more effectively protect the creditors and the estate, while good enough as far as it goes, gives too little weight to the counter contention that durable as that is, it is not sufficiently desirable to permit doing away with the safeguards and sanctions provided by law against undue celerity and the deprivation of substantial rights. The exercise of summary jurisdiction in this case is without support in the evidence and the applicable law.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.