Robert **FELDSER**, Appellant,

v.

John C. **LEE**, as Trustee in Bankruptcy of Fox Jewelers, Inc., Bankrupt, Appellee.

No. 17481.

United States Court of Appeals
Fifth Circuit.

March 12, 1959.

Edwin W. Ross, Harold Karp, Carpenter, Karp & Mathews, Atlanta, Ga., for appellant.

J. Kurt Holland, Haas, Holland & Zinkow, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

One of two turnover orders entered in the bankruptcy proceeding In the Matter of Fox Jewelers, Inc., Bankrupt, this appeal involves the single question whether the claim of appellant to two automobiles of the bankrupt, of which he is president and sole owner, was merely colorable and, therefore, the proceeding was within the summary jurisdiction of the Bankrupt Court, or was substantial and not within that jurisdiction.

The referee in his turnover order set out and discussed the facts as they appear in connection with the vehicles. On the basis of these facts the referee found that the transaction by which the appellant claims to have acquired the automobiles was not an armslength transaction and was in effect feigned and fictitious.

The respondent, in its petition to the district judge for review and in his appeal here, insists: that the uncontradicted evidence showed that he had made personal loans to the bankrupt corporation until May 2, 1957, totaling $4654.00; that possession, custody and control of the two vehicles were transferred by the corporation to him on September 11, 1957, at which time they were not worth over $3600.00, in payment of those loans; that physical possession, custody and control of the vehicles were in him on the date of adjudication of bankruptcy; and that his claim was not colorable but substantial.

The referee, calling attention to the facts: that no action of the corporation authorizing Feldser to take the cars appears on the bankrupt's books; and that book entries of the transfer were not made on the bankrupt's books until many months thereafter, indeed until the insolvency of the company was a known fact; argues that nothing in the facts taken separately and as a whole disputes or defeats the referee's claim to summary jurisdiction.

Without discussing the facts in detail or setting out the authorities other than to refer to some of them,[1] it is sufficient to say: that, while, as to the bankrupt summary jurisdiction is essential and usual when it is sought to extend it beyond the bankrupt to another, it is essential to its exercise in any case that the facts clearly show that such person was really acting as, or was the alter ego of the bankrupt; that in every case of the assertion of such jurisdiction, the burden is upon the trustee to establish its existence; that, in short, such jurisdiction cannot be acquired by bootstrap pulling.

1. Maule Industries v. Gerstel, 5 Cir., 232 F.2d 294, from this court; Maggio v. Zietz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476; Atlanta Flooring & Insulation Co. v. Russell, 5 Cir., 146 F.2d 854; Harrison v. Chamberlain, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897.

A careful consideration of the facts in this case, in the light of these established principles, convinces us that the assertion of that jurisdiction here was sound and fully supported and that the turnover order must be affirmed.

Affirmed.