Mrs. I. B. HERRON, and Par Value Loan Company, Appellants,

v.

Frank S. BLACKFORD, Trustee in Bankruptcy of Alabama Acceptance Corporation, Bankrupt, Appellee.

No. 17444.

United States Court of Appeals Fifth Circuit.

March 18, 1959.

Harvey Elrod, Birmingham, Ala., Deramus, Fitts & Johnston, Birmingham, Ala., of counsel, for appellants.

William S. Pritchard, Winston B. McCall, George I. Case, Jr., Birmingham, Ala., Pritchard, McCall & Jones, Birmingham, Ala., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

The question presented for determination by this appeal is whether the district court erred in denying appellants' motion to quash or modify appellee's subpoena requiring the production of 12 sets, aggregating 18 pages of the minutes of Par Value Loan Company, a corporation, without inspecting or examining the minutes to determine their relevancy or materiality to the issues involved, or the reasonableness of requiring their production.[1] The order of the court below was entered upon a petition by Mrs. I. B. Herron and Par Value Loan Company to review the order of June 6, 1958 by the referee in bankruptcy denying their motion to quash, and denying their motion to modify the subpoena insofar as it related to the minutes of Par Value from January 1, 1957 to the date of the order. The subpoena duces tecum had commanded Mrs. Herron, as secretary of Par Value, to produce for the inspection of the Trustee and his attorney these minutes along with other records of Par Value.

The basis upon which the Trustee and his attorneys claimed the right to examine these minutes of Par Value was that certain persons were officers of Par Value at the same time they were officers of the bankrupt, and that one of the bankrupt's officers and his associates owned substantially all of the outstanding common stock of Par Value. It was further claimed that, during this period, there were a number of transactions involving large sums of money between the bankrupt and Par Value, one of which involved the shifting of Par Value's investment in the Carl W. Schutter Corporation or the Schutter Realty Company involving more than $50,000.00. A number of witnesses had been examined by the Trustee and his attorneys, and the Trustee claims that the foregoing facts were developed from their testimony, which also disclosed "no less than six or seven other transactions between the two corporations * * *."

It appears that, during the extended hearings before the referee, most of the documents sought by the subpoena duces tecum were made available to the Trustee, but appellant Mrs. Herron, upon advice of her attorney, declined to submit any of the minutes of Par Value for his inspection. Instead, the minutes were turned over to the referee and by him to the district court and, in sealed envelope, to us. Contempt proceedings against Mrs. Herron were first suggested by the referee, but the parties later acquiesced in submitting the matter to the court below upon petition for review, with the result above mentioned.

Appellants are willing that all of the minutes which deal with election of officers during the period from January 1, 1957 to date and those referring to any of the transactions specifically complained of may be turned over to the Trustee. But they earnestly urge that the residue of the minutes should not be submitted to the Trustee or his attorney. We agree in general with this position.

We do not agree with the holding of the court below that the Supreme Court's

---

[1] The record discloses that the judge declined to examine the minutes, because he felt that such a procedure had been disapproved in Jencks v. United States, 1953, 353 U.S. 657, 77 S.Ct. 1007, 1 L. Ed.2d 1103. In his order denying the motion to quash or modify the subpoena, the judge cited as his authority 11 U.S. C.A. §§ 44 and 567 and the case of Marx v. Chase National Bank, 2 Cir., 1941, 117 F.2d 800.

opinion in Jencks v. United States, 1957, 353 U.S. 657, 668–669, 77 S.Ct. 1007, 1 L.Ed.2d 1103, stood in the way of his examining these minutes. All the Supreme Court held there was that, in that criminal prosecution, the accused was entitled to an order requiring the Government to turn over for his inspection written statements and reports given by two Government witnesses to the F.B.I. and touching the events concerning which they had testified; and that Jencks was entitled to see the documents initially without having them produced first for the court's inspection.[2] The rule is not applicable to this case. The motion to quash or modify the subpoena duces tecum should have been acted upon pursuant to the Federal Rules of Civil Procedure, 11 U.S.C.A. § 44, sub. k and General Order No. 37 in Bankruptcy, 11 U. S.C.A. following section 53, and the case will be remanded so that the court may do so.

■ Rule 45(a), F.R.C.P., 28 U.S.C. A., entitles a litigant to obtain subpoena duces tecum signed in blank, which may be filled in to require production of documents entirely at the litigant's selection.[3] The subpoena is subject to timely motion under which the court may "quash or modify the subpoena if it is unreasonable and oppressive." Section 21 of the Bankruptcy Act, now 11 U.S. C.A. § 44, sub. a, empowers the court by order to "require any designated persons * * * to appear before the court * * * to be examined concerning the *acts, conduct, or property of a bankrupt.*" [Emphasis added.]

Under this limitation a subpoena to a "designated" person may require the production only of books and records relevant and material to the acts, conduct or property of the bankrupt. In determining the reasonableness of the requirements of a challenged subpoena the court is called upon to balance the important function of the trustee to expose chicanery and double-dealing against the incalculably precious right of the citizen to be let alone, and to hold his writings inviolate from alien eyes in the absence of evidence that the material sought is relevant to the bankrupt's acts or property, and that, under the law, there is justification for the invasion of the individual's treasured privacy.

■ The court is required also to exercise discrimination in determining the portions of writings which are reasonably relevant and material to such issues. The performance of this duty involves examination of the writings to the end that only so much thereof may be held within the boundaries of the subpoena as satisfy these limitations. Professor Moore [4] thus expresses the duty resting upon the judge:

> "Where an objection is properly made to the production of documents in response to a subpoena, the documents should be examined by the court before submission to the opposing counsel. And a hearing should be granted to the producing party on the question as to whether they contain evidence which is material or probably material."

The task to be performed in this case by the district judge is not a hard one.[5] We have dealt with principles not unlike those involved here in three recent

---

**2.** The latter requirement was largely superseded by the Act of Congress of Sept. 2, 1957, 18 U.S.C.A. § 3500.

**3.** Subdivision (d) (1) of the Rule covers the production of documents under a subpoena duces tecum issued in the taking of depositions, a proceeding to which a hearing before a referee may be analogized. Under this subdivision proceedings are subject to the supervision of the court, which is given carefully defined

broad powers to limit the examination and to make any order which in its opinion "justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Rule 30(b).

**4.** 5 Moore's Federal Practice, Second Edition, page 1719.

**5.** Our reading of the eighteen pages transmitted under seal to us—cursory because the primary duty and discretion belong

cases.[6] Under these principles the showing here is not strong as it is reflected by the abbreviated record before us. Appellants have, in their brief, indicated a willingness to have submitted to the Trustee and his attorneys all of the portions of the minutes dealing with the items concerning which appellee has pointed out proof justifying this action.

The trial court will, however, have access to the entire record if it finds it desirable to examine it, and we do not express any opinion as to what its holding should be with respect to any specific item contained in the minutes. Having declared the general principles which should govern its consideration of the motion to quash or modify, the cause is remanded for further proceedings consistent therewith.

Reversed and remanded.

to the court below—reveals that the election of officers is mentioned at three places, the bankrupt corporation is mentioned in one place, and no reference is made to the two Schutter corporations.

6. Maule Industries v. Gerstel, Trustee, 5 Cir., 1956, 232 F.2d 294; Fox Jewelry Co. v. Lee, 5 Cir., 264 F.2d 720; Feldser v. Lee, 5 Cir., 264 F.2d 721. Cf. also Kilgore National Bank v. Federal Petroleum Board, 5 Cir., 1954, 209 F.2d 557, and especially the concurring opinion of Chief Judge Hutcheson, at page 561.