**Kenneth BYBEE, Appellant (Defendant below),**

**v.**

**NORTHERN UTILITIES COMPANY, Appellee (Plaintiff below).**

**No. 3088.**

Supreme Court of Wyoming.

Nov. 5, 1962.

W. A. Smith and H. S. Harnsberger, Jr., Lander, for appellant.

Crofts, Mockler & Meier, Frank C. Mockler, Lander, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This opinion has to do with a right-of-way easement for a pipeline or pipelines through land presently owned by Kenneth Bybee, the defendant and appellant in this case. The easement was granted in 1922 by Edward Stelzner to Producers and Refiners Corporation, a Wyoming corporation. Since that time ownership of the land described in the easement has passed by mesne conveyances to Bybee, and Northern Utilities Company, plaintiff and appellee, claims to be a successor in interest to Producers and Refiners Corporation.

In 1960 the Wyoming Public Service Commission issued a Certificate of Public

Convenience and Necessity authorizing Northern Utilities to enlarge its gas transmission system by adding a six-inch transmission line paralleling the existing four-inch line between Hudson and Lander, Wyoming. The company claims that it offered to pay surface damages resulting from the additional line to Bybee and to the other land owners involved, but it was unable to reach an agreement as far as Bybee was concerned.

Relying upon the 1922 easement, as Northern Utilities states the case, it caused its pipeline crew to continue with the laying of the new line. Bybee, as both sides agree, ordered the crew off of his property. Whereupon, the company obtained a temporary restraining order from the District Court of Fremont County, and before anything further could be heard by the court the line was completed through Bybee's land.

Following a full hearing of the case by the trial court without a jury, Northern Utilities' right of entry under the 1922 easement was recognized and adjudicated, and the company was ordered to pay $500 as total damages to crops, fences, surface of the land, and the laying of additional pipe upon defendant's land. All other claims of both parties were denied. Bybee's appeal to this court is based upon a claim that Northern Utilities Company failed to prove that it was a successor in interest to Producers and Refiners Corporation.

There being no pretrial order or other settlement of issues, we can look only to the pleadings in the instant case for a statement of the issues which were tried to the court. In that connection, we find that plaintiff alleged in its complaint that it had duly and regularly acquired the existing line "by mesne processes, conveyances, assignments or change of corporate names and structures and Plaintiff is now the owner of said pipe line and said right of way and has used each thereof continuously in the transmission and transportation of natural gas." These allegations were placed in issue by the defendant's answer.

The record before us discloses that Northern Utilities as plaintiff made no effort to prove an assignment, conveyance or other transfer of the 1922 easement from the grantee named therein, Producers and Refiners Corporation. Plaintiff relies instead on the language of the easement which shows that it ran to the named grantee and to "its successors or assigns." However, plaintiff's proof of succession is likewise deficient.

In that regard, superintendent Glen Kelly of Northern Utilities testified that he previously worked for Producers and Refiners; that Producers and Refiners "were absorbed" by New York Oil Company; and that Northern Utilities "absorbed" New York Oil Company. Just what he meant by the word "absorbed" was not explained. Neither was the process of absorption described. This recalls to mind that we had occasion to say in State ex rel. Kirk v. Gail, Wyo., 373 P.2d 955, 957, that a witness may not give his opinion on an ultimate issue in a case, and if he does, it should be disregarded. See also Fidanque v. American Maracaibo Co., 33 Del.Ch. 262, 92 A.2d 311, 316, wherein it was said that calling a corporate transaction a merger does not necessarily make it so. Of course, the same can be said for an absorption.

Kelly, as a witness for plaintiff, was asked specifically and in a leading manner whether Producers and Refiners were absorbed by another company. He answered that they were absorbed by New York Oil Company and then volunteered the further statement that Northern Utilities absorbed the New York Oil Company. Opposing counsel immediately objected to the question as leading and moved that the answer be stricken because it was not within the knowledge of the witness to know the answer. If the opinion thus expressed is to be given consideration at all, it must at least be viewed in the light of other tes-

timony offered by the plaintiff on the same subject.

Harold M. Graham, assistant secretary, assistant treasurer and a director of Northern Utilities, testified at two different times that Northern Utilities purchased the controlling interest in New York Oil Company April 24, 1928. The same witness also testified that the properties of Mills, Riverton, Lander, Hudson and Rock Springs, Wyoming were "acquired from the P and R Corporation" as of May 1, 1926, by New York Oil Company.

In their brief filed with this court, counsel for Northern Utilities state: "When the Producers and Refiners Company was reorganized under the name of the New York Oil Company, and the controlling interest in New York Oil was later purchased by Northern Utilities, all the rights, title, and interest of the predecessor company went with the ownership or interest."

Thus, it appears that with respect to Producers and Refiners Corporation, we have a field superintendent saying that it was "absorbed" by New York Oil Company; we have a company official and director saying that certain of its properties were "acquired" by New York Oil Company; and we have plaintiff's attorneys saying (without evidence to support them) that the Producers and Refiners company was reorganized under the name of New York Oil Company.

■ Without attempting to unravel that state of confusion, however, it is sufficient for us to concern ourselves more particularly with New York Oil Company and Northern Utilities Company. Concerning these two companies, we have the superintendent saying that the former was "absorbed" by the latter, while the officer and director and also the attorneys say that Northern Utilities purchased "the controlling interest" in New York Oil Company.

Inasmuch as the only explanation offered for the term "absorbed," as used in this instance, is that the absorption took place by the purchase of a controlling inter-

est, we can only assume that such a purchase and nothing more took place.

No doubt the trial judge had some limited personal knowledge about these two companies. During the trial he stated: "I have known for years that the New York Oil Company preceded Northern Utilities. I don't suppose I should take judicial notice of it." That should have been sufficient warning to the plaintiff that it had the matter to prove.

■ In any event, we should make it clear for all litigants that a relaxing of rules of pleading, under the Wyoming Rules of Civil Procedure, will not relieve a party of his obligation to prove by competent evidence such facts as are necessary to sustain a proposition, which he is bound to establish in order to prevail.

The attorneys for Northern Utilities have cited authority to the effect that it is sufficient to allege ownership of an easement, without showing or alleging the particular manner in which title thereto was acquired. It is quite a different thing, though, to assume that ownership of, or title to, the easement does not have to be proved. In the case at bar, it follows from our explanation of the evidence that title to the easement was not established as being in the plaintiff, unless plaintiff has proved by some concrete evidence that it is a "successor" of New York Oil Company, which in turn must be a successor of Producers and Refiners Corporation.

■ The separate identity of two corporations is not destroyed and no consolidation or merger arises merely from a controlling stock ownership of one corporation by another. Steinfeld v. Copper State Mining Co., 37 Ariz. 151, 290 P. 155, 160; Commissioner of Internal Revenue v. Dana, 3 Cir., 103 F.2d 359, 361; Commerce Trust Co. v. Woodbury, 8 Cir., 77 F.2d 478, 487, modifying Woodbury v. Pickering Lumber Company, D.C.Mo., 10 F.Supp. 761, and certiorari denied Woodbury v. Commerce Trust Co., 296 U.S. 614, 56 S.Ct. 134, 80 L.Ed. 435; Hudson Minneapolis, Incor-

porated v. Hudson Motor Car Company, D. C.Minn., 124 F.Supp. 720, 723; Fidanque v. American Maracaibo Co., 33 Del.Ch. 262, 92 A.2d 311, 316.

As expressed in Owl Fumigating Corporation v. California Cyanide Co., D.C.Del., 24 F.2d 718, 719, affirmed 3 Cir., 30 F.2d 812, the general rule of law is well settled that ownership alone, of capital stock in one corporation by another, does not create an identity of corporate interest between the two companies, or render the stockholding company the owner of the property of the other, or alter ego between the two. See cases cited in the Owl Fumigating case, and to the same effect see the Fidanque case cited above. On that basis, plaintiff has failed to show that it is a successor of New York Oil Company.

Our view of the case makes it unnecessary for us to determine at this time whether the easement gives the grantee or its successors a right to lay and maintain additional or new lines. Also, we have searched the record before us to see whether the question of adverse possession on the part of Northern Utilities was interposed. It appears not to have been pleaded, and no evidence tending to show continuous, hostile possession for more than ten years, under a claim of right or color of title, was offered. The matter has not been raised in this court, and nothing in the record indicates that it was urged in the district court. We need not therefore consider whether Northern Utilities may have a title to the right-of-way easement in question by virtue of adverse possession.

For the reason that the plaintiff, Northern Utilities Company, failed to come forward with competent evidence tending to show that it is owner of the right-of-way easement granted by Stelzner to Producers and Refiners Corporation in 1922, we have no alternative but to reverse this case.

Reversed.