R. L. DUCKWORTH, R. LeRoy Duckworth, Mrs. Betty T. Duckworth, Mrs. Betty B. Tucker and Dixon L. Pyles, Appellants,

v.

BALDWIN–LIMA HAMILTON CORPORATION, Allis-Chalmers Manufacturing Company, Appellees.

No. 19839.

United States Court of Appeals Fifth Circuit.

Jan. 3, 1963.

Rehearing Denied Feb. 11, 1963.

Dixon L. Pyles, Betty B. Tucker, Jackson, Miss., for appellants.

N. W. Overstreet, Jr., W. Calvin Wells, Jr., Roland D. Marble, Jackson, Miss., for appellees.

Robert G. Nichols, Jr., Jackson, Miss., trustee in bankruptcy for Southern Equipment Sales, Inc.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from an order of the district court affirming the action of the referee in bankruptcy and directing the issuance of a *subpoena duces tecum* to appellants in a hearing held pursuant to Sec. 21, sub. a of the Bankruptcy Act.[1]

Southern Equipment Sales, Inc., was adjudicated an involuntary bankrupt on August 11, 1961. On November 7 and 8, at a hearing for the examination of the officers, the appellees, as creditors, moved for the issuance of a *subpoena duces tecum* to the officers to bring with them the books and records of two other corporations and a partnership which they controlled and which had had financial dealings with the bankrupt.[2] On December 27, 1961, the referee granted the motion, and a copy of his order was served on the appellants, however, the subpoena was not issued. Appellants petitioned for a stay pending review of that order. On March 20, 1962, the district judge approved the action of the referee and directed the issuance of the subpoena.

Appellants attack the order on numerous grounds. They contend, among other things, that the examination was improper because the creditors' petition was directed to the court, without a prior request to the referee for an examination, and because the referee permitted the appellees to conduct most of the examination; and that there is not good cause for the issuance of the subpoena. The express language of the applicable statutes and the cases conclude the issue against appellants as to these, and all other, arguments advanced by them.[3]

The order is accordingly

Affirmed.

---

1. Sec. 21, sub. a provides, in pertinent part, as follows:

   "The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court or before the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt: * * *." 11 U.S.C. Sec. 44, sub. a.

   Also of relevance is Section 21, sub. k, providing, in pertinent part, as follows:

   "In all proceedings under this title, the parties in interest shall be entitled to all rights and remedies granted by the Rules of Civil Procedure for the United States District Courts * * * pertaining to discovery, interrogatories, inspection and production of documents, and to the admission of execution and genuineness of instruments: * * *" 11 U.S.C. Sec. 44, sub. k.

2. The three corporations had the same shareholders and the same officers, and the partnership was owned by the president of the corporation and his father, who had previously been the president of the corporations. The various entities were subject to uniform ownership, management, and control, therefore. In addition, the creditors showed the disappearance of a large amount of the bankrupt's assets and financial dealings among the various business entities.

3. See generally Herron v. Blackford, 5th Cir. 1959, 264 F.2d 723; 2 Collier on Bankruptcy, Secs. 21.06, 21.09, 21.11 (14th ed. 1962.)