In the Matter of KALEIDOSCOPE, INC., Debtor.

Frank W. SCROGGINS, Trustee, Plaintiff,

v.

POWELL, GOLDSTEIN, FRAZER & MURPHY, Defendants.

Bankruptcy No. B79–304A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 3, 1980.

Hicks, Maloof & Campbell, Atlanta, Ga., for plaintiff.

Trotter, Bondurant, Griffin, Miller & Hishon, Atlanta, Ga., for defendants.

## ORDER DENYING MOTION
## TO DISMISS

A. D. KAHN, Bankruptcy Judge.

Trustee in reorganization for the above-named debtor filed with this court (1) a complaint against the above-named Defendants to obtain an order for the turnover of the debtor's corporate minute book, (2) a complaint against the Defendants to determine the validity, nature, and extent of a purported lien held by Defendants on the debtor's corporate minute book, and (3) a motion to examine pre-bankruptcy attorney's fees paid by the debtor to the Defendants.

Neither a reply to the motion nor answers to the complaints have been filed with the court, but Defendants have moved to dismiss the adversary matters commenced by the complaints (or, in the alternative, to stay the matters until judgment is rendered in a State Court action filed by the Trustee against numerous Defendants in Fulton County, Georgia).

The basis of Defendants' motion is that this court is either without jurisdiction to entertain the above-styled matter, or that the court should abstain from taking jurisdiction even if such jurisdiction exists.

*Pre-bankruptcy Payments for Attorney's Fees*

It is beyond question that bankruptcy courts hold exclusive jurisdiction to inquire into the reasonableness of the debtor's pre-bankruptcy payments of attorney's fees which were made "in contemplation" of the filing of a bankruptcy petition. § 60d, Bankruptcy Act.[1] Indeed, the Supreme Court has held that the jurisdictional aspect

---

1. Section 60d provides:

    If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney at law, for services rendered or to be rendered, the transaction may be examined by the court on its own motion or

    shall be examined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate.

of § 60d is *"sui generis"* insofar as bankruptcy courts are concerned. *In re Wood & Henderson*, 210 U.S. 246, 253, 28 S.Ct. 621, 624, 53 L.Ed. 1046 (1908); *Katchen v. Landy*, 382 U.S. 323, 333, 86 S.Ct. 467, 474, 15 L.Ed.2d 391 (1966); *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 53 S.Ct. 526, 703, 77 L.Ed. 1327 (1933). *See also* R.Bankr.Proc. 220.

The only limitation on bankruptcy courts' ability to inquire into pre-bankruptcy payments of attorney's fees is that the fees must have been paid "in contemplation of the filing of a petition by or against" the bankrupt. § 60d; R.Bankr.Proc. 220.

■ The court is satisfied, however, that the debtor's January 2, 1979, $15,000 payment of attorney's fees to the Defendants "for future services" may well have constituted a payment of the type described in § 60d and, therefore, that the payment qualifies for judicial scrutiny in this forum. This conclusion is supported by the fact that the fee was paid to the Defendants less than one week prior to the debtor's adoption of its own "Plan of Liquidation" and less than one month prior to the filing of an involuntary petition against the debtor.

■ Since the jurisdiction of this court over § 60d disputes is exclusive, *In re Wood & Henderson, supra*; S.Rep.No.88–144, 88th Cong. 1st Sess. (1963) (accompanies most recent § 60d amendment); 2 *Collier on Bankruptcy* ¶ 23.04[4] at 468 (1977), a decision to abstain from taking jurisdiction over this § 60d dispute, as Defendants urge, would be "exceptional." *Mangus v. Miller*,

317 U.S. 178, 186, 63 S.Ct. 182, 186, 87 L.Ed. 169 (1942).

Furthermore, the only circumstance in which the Supreme Court has actually ordered that bankruptcy courts must abstain from taking jurisdiction which they legally possess is when "unsettled questions of State [real] property law" arise. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).[2] In fact, the Supreme Court has consistently held that abstention is most *in*appropriate for a bankruptcy court when the question before the court concerns attorneys' fees paid in connection with the proceeding. *E. g., Brown v. Gerdes*, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659 (1944). Accordingly, this court will maintain its jurisdiction over the Trustee's § 60d inquiry.

*Turnover*

■ Although bankruptcy court jurisdiction under the old Bankruptcy Act is generally limited to property in the possession of the bankrupt or in the possession of "consenting" creditors, *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the authority of bankruptcy courts to issue turnover orders, especially in Chapter X cases,[3] is not restricted by the traditional limitations.

■ This exception to the traditional limitations on bankruptcy court jurisdiction is well-established in the Fifth Circuit. The leading case of *Kaye v. Spach*, 302 F.2d 298 (5th Cir. 1962), squarely held that the bankruptcy courts may order a party, who may have been the recipient of preferential or

2. The case of *In re Wonderbowl, Inc.*, 456 F.2d 954 (9th Cir. 1972), which was cited by Defendants in support of their argument, is a *Thompson* type of abstention and is therefore of limited significance in the case at bar.

Although Mr. Moore, Mr. Wright, and the Supreme Court do not agree about how many or what types of abstention have been established, *compare* C. Wright, *Law of Federal Courts* § 52 (3d ed. 1976) *with* J. Moore, 1A, Pt. 2 *Federal Practice* ¶ 0.203 (1977) *with Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 96 S.Ct. 2239 (1976), it can probably be said that the *Thompson* decision is analogous to the line of abstention cases best represented by *La.*

*Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), in which a "substantial state interest," *Colorado River, supra* 424 U.S. at 814, 96 S.Ct. at 1244, is identified to justify abstention. No such interest has been shown to be present in the instant case.

3. Reorganization courts possess broader jurisdiction than ordinary courts of bankruptcy. *Williams v. Austrian*, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947); *In re Dinkins*, 610 F.2d 367 (5th Cir. 1980); *Magidson v. Duggan*, 180 F.2d 473 (8th Cir. 1950).

fraudulent transfers, to turn over its corporate records to the Trustee, even though the party never filed a proof of claim, (*i. e.*, consented to the court's jurisdiction), and even though its records were not in the bankrupt's possession on the date of bankruptcy. Significantly, the *Kaye* court overruled, at page 302, an earlier case, *Herron v. Blackford*, 264 F.2d 723 (5th Cir. 1959), to the extent that *Herron* required, as a prerequisite to the issuance of a turnover order, that an *in camera* inspection be conducted to excise irrelevant material from the records which are the subject of the turnover.[4]

In the instant case, the issuance of a turnover order is more appropriate than in either *Kaye* or *Herron*, because the corporate records sought by the Trustee are records which were kept on behalf of the reorganizing debtor itself, not simply the records of a third party whose transactions might ultimately reveal information which would assist the Trustee. The corporate records of the debtor itself would surely be more likely to contain such information, if it exists at all, than the records of third parties.

▪ Defendants' abstention argument also fails with respect to the turnover dispute, since, as noted above,[5] bankruptcy court abstention is required only when the issues raised in a case involve questions which are fraught with a "substantial state interest," *Colorado River Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 96 S.Ct. 2239 (1976), such as unsettled questions of state mineral or real property law. *E. g., Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct.

628, 84 L.Ed. 876 (1940); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). No such interest has been shown to exist in the instant case.

*Validity of the Attorney's Lien*

As noted above,[6] reorganization courts possess broader jurisdiction than ordinary courts of bankruptcy. Also mentioned above[7] is the fact that the Fifth Circuit Court of Appeals recently held that the test of bankruptcy court jurisdiction over cases filed under the rehabilitative chapters of the old Bankruptcy Act is whether the property which is the subject of the controversy is owned by the debtor. *In re Dinkins, supra.*

Since the Trustee's complaint to determine the validity, nature, and extent of Defendants' purported lien seeks to determine the interests of the estate and Defendants in property which is properly described as property belonging to the debtor, jurisdiction lies in this court to hear the dispute commenced by the Trustee's second complaint.[8]

Insofar as Defendants' abstention argument with respect to this second complaint is concerned, the court will refuse to abstain from taking jurisdiction for the same reasons that the court refuses to abstain from maintaining its jurisdiction over the § 60d inquiry and the turnover dispute.

Accordingly, Defendants' motion to dismiss, or in the alternative, to abstain, is hereby DENIED.

---

4. Only days ago, in *In re Dinkins*, 610 F.2d 367 (5th Cir. 1980), the Fifth Circuit re-emphasized its refusal to follow traditional notions of possession as a limitation upon the exercise of bankruptcy court jurisdiction over cases filed under the old Act. The *Dinkins* court specifically stated that "the test of jurisdiction for the exercise of summary proceedings . . . is whether the property is the property of the debtor, rather than whether at the time of the filing of the petition the debtor was in actual or constructive possession of the property over which jurisdiction is sought." *Id.* at 370.

5. *See* n. 2, *supra.*

6. *See* n. 3, *supra.*

7. *See* n. 4, *supra.*

8. Admittedly, resolution of the turnover controversy will simultaneously resolve the question of the validity of Defendants' lien. That problem, however, will be more appropriately considered on another day.